## McGEHEE v. BROWN.

A plaintiff cannot require that an exception to the jurisdiction of the court, on the ground of the defendant's domicil being in another parish than that in which the action is pending, should be submitted to a jury.

Either party to an action has a right to require the answers of his adversary under oath to interrogatories to be used as evidence upon the trial of all issues pending between them, whether on preliminary exceptions or on the merits. C. P. 347.

---

*Eustis, C. J. did not sit on the trial of this case, being related to one of the parties.

A PPEAL from the District Court of East Baton.Rouge, *Burk*, J. *Elam*, <span style="float:right">McGEHEE<br>*v.*<br>BROWN.</span> for the appellant. *Brunot*, for the defendant. The judgment of the court was pronounced by

KING, J. The defendant was sued in the parish of East Baton Rouge, and filed an exception, declining the jurisdiction of the court, on the ground that his domicil was in the parish of Iberville. The plaintiff offered a supplemental petition, propounding interrogatories to the defendant, and praying that the issue presented by the exception might be tried by a jury. The judge refused to grant a jury, or to order the interrogatories to be answered, and to this ruling the plaintiff took a bill of exceptions. The plea to the jurisdiction was sustained, and, from the judgment dismissing the action, the plaintiff has appealed.

The prayer for a jury to decide upon the declinatory exception was properly refused. C. P. art. 755. The judge however erred, in our opinion, in not requiring the interrogatories to be answered. Either party to a cause may avail himself of the answers of his adversary under oath to interrogatories, to be used in evidence on the trial of all issues pending between them, whether upon preliminary exceptions or upon the merits. C. P. art. 347.

It is therefore ordered that the judgment of the District Court be reversed, and that the cause be remanded for further proceedings according to law ; the appellee paying the costs of this appeal.