376 So.2d 1284 (1979)
Nathaniel ZENO, Sr., et al., Plaintiffs-Appellants,
v.
LINCOLN GENERAL HOSPITAL et al., Defendants-Appellees.
No. 13931.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1979.
Rehearing Denied November 6, 1979.
*1285 James M. Fowler, Jonesboro, for plaintiffs-appellants.
Theus, Grisham, Davis & Leigh by R. L. Davis, Jr., Monroe, for defendants-appellees.
Before HALL, JONES and HEARD, JJ.
En Banc. Rehearing Denied November 6, 1979.
HEARD, Judge.
This is a medical malpractice case against a doctor and a hospital in which he performs surgery. More than one year having elapsed from the alleged negligence until suit was filed, defendants filed a peremptory exception of prescription which was sustained. Plaintiffs appeal and we reverse.
The first issue is whether the action is one in tort which prescribed in one year. Assuming we find the prescriptive period is one year, the secondary issue is when the time began to run. The third issue is whether the claim is barred by La.R.S. 9:5628 which requires that all claims be filed at the latest within three years from the date of the alleged malpractice.
On November 3, 1969, the plaintiff, Mrs. Zeno, was operated on by the defendant, Dr. Bleich, in order to excise a fistula in the anal canal and remove some hemorrhoids. Following the operation Mrs. Zeno had intermittent complaints of pain in and about the rectum. She was told by Dr. Bleich that this was normal tenderness resulting from the surgical procedure. Approximately six months later Mrs. Zeno began experiencing sharp pain which continued and gradually worsened. She continued to visit Dr. Bleich whom she said would not give her a prognosis.
From 1972 until 1975 Mrs. Zeno made several visits to Dr. McKeithen and complained of the injuries made the basis of this suit. However, she testified she never suspected Dr. Bleich had done anything wrong. In November, 1977 Dr. Roncal told her for the first time that the operation had been improperly performed as the incision was made too deeply.
Plaintiff, joined by her husband, brought suit against Dr. Bleich and Lincoln General Hospital on July 7, 1978, alleging Dr. Bleich was negligent in performing the operation. Defendants filed exceptions of prescription based on La.Civil Code Article 3536 and La.R.S. 9:5628. The trial court sustained the pleas of prescription "for the reason *1286 that the plaintiffs did not file suit within one year from the time that they knew or should have known of the alleged malpractice and, in addition, the claim is barred by La.R.S. 9:5628 which requires that all claims be filed at the latest within three years from the date of the alleged malpractice."
Plaintiffs' first argument on appeal is that this is a contract action governed by the prescription of ten years. They rely primarily on Henson v. St. Paul Fire and Marine Insurance Co., 354 So.2d 612 (La. App. 1st Cir. 1978) for the proposition that a medical malpractice action may be contractual in nature because the patient and doctor have entered into a contract for treatment. This same argument has been recently rejected by this court. We adhere to the view that a medical malpractice action is delictual in nature unless the physician warrants or promises a particular result. Sumerall v. St. Paul Fire & Marine Insurance Co., 366 So.2d 213 (La.App. 2d Cir. 1978) and cases cited therein. Since plaintiffs do not contend Dr. Bleich warranted a specific result, nor does the record reveal any such promise, we find that this is a tort action governed by the prescription of Civil Code Article 3536.
Plaintiffs next argue that prescription did not commence running until November, 1977 when Dr. Roncal informed Mrs. Zeno that she had had a bad operation. On the issue of whether the one-year prescriptive period has run, the Supreme Court in Young v. Clement, 367 So.2d 828 (La.1979) has recently stated the rule as follows:
Prescription does run against one who is ignorant of the existence of facts that would entitle him to bring a malpractice action, as long as such ignorance is not willful and does not result from his neglect.
Mrs. Zeno continued to have pain and discomfort in the rectum following the operation in 1969, for a period of several years. She went back to Dr. Bleich for examination once or twice a year and also went to other doctors, including Dr. McKeithen. Although Mrs. Zeno's continued pain and discomfort after the operation certainly put her on notice that the operation may not have been successful, we believe she did all she could by going back to Dr. Bleich and by seeing other doctors. The evidence does not support a finding that she should have made any special inquiry or taken any specific action based on any thought that Dr. Bleich had negligently performed the operation.
A similar situation was presented in Sartin v. St. Paul Fire & Marine Insurance Co., 359 So.2d 649 (La.App. 1st Cir. 1978). In that case the plaintiff had an infection in his knee following surgery on the knee. The court held that though the plaintiff had actual knowledge of the infection more than one year prior to the filing of the suit, this knowledge was insufficient to commence the running of prescription because plaintiff, at that time, had no way of knowing that a tort had been committed. Nor was there any way that plaintiff could have been aware of any causal connexity between the infection and the operation.
In the instant case Mrs. Zeno was constantly aware of the pain and discomfort but it was not until Dr. Roncal told her in November 1977 that a tort had been committed and the causal connexity between that tort and the damages.
We, therefore, hold that prescription did not commence to run until November 1977, which is within one year of the date of the filing of the suit.
The third issue is whether La.R.S. 9:5628 should be given retroactive effect. This statute became effective September 12, 1975 while plaintiffs' cause of action arose in 1969. This question was answered in the recent case of Lott v. Haley, 370 So.2d 521 (La.1979). The Supreme Court, reversing the Fourth Circuit, stated:
. . . However, in the instant case, La.R.S. 9:5628 operates to eliminate *1287 plaintiff's vested right to sue on his pre-existing cause of action without providing a reasonable period following its enactment to assert his claim. Absent such a provision, we conclude that La.R.S. 9:5628 cannot be retroactively applied in the instant case because to do so would divest plaintiff of his vested right in his cause of action in violation of the due process guarantees under the state and federal constitutions. The court of appeal erred in holding otherwise.
We hold that since plaintiffs' cause of action vested in 1969, it cannot be barred by La.R.S. 9:5628.
For the reasons assigned, the judgment of the trial court sustaining defendants' exception of prescription is reversed. The case is remanded to the district court for further proceedings. Costs to be assessed at the conclusion of the case.