MARVIN, Judge.
In this medical malpractice action, plaintiff appeals a judgment dismissing her demands on an exception of prescription. La. R.S. 9:5628.[1]
Plaintiff underwent treatment for cancer of the cervix, which included cobalt radiation therapy, in October 1978 in Shreveport. This therapy produced a cobalt burn that later caused plaintiff to have to undergo a colostomy and other operations in California. Alleging that the radiation therapy was negligently administered, plaintiff brought this action on August 11, 1980.
The crucial issue is when plaintiff “learned” that the cobalt burn was the cause of the damage allegedly sustained by plaintiff after the radiation therapy. Hebert v. Confederate Memorial Medical Center, 381 So.2d 545 (La.App.2d Cir. 1980); Zeno v. Lincoln General Hospital, 376 So.2d 1284 (La.App.2d Cir. 1979). Prescription does not run against one who is ignorant of facts which would entitle her to bring a malpractice action as long as such ignorance is not willful and does not result from that one’s neglect. Young v. Clement, 367 So.2d 828 (La.1979).
The trial court found that plaintiff knew on or before July 27, 1979, that she had a stricture of the rectum that was caused by the cobalt burn and that the cobalt burn was produced by the radiation treatments administered by defendants in 1978. There is substantial evidence to support these findings.
In California, plaintiff saw, in this order, Dr. Rue, Dr. Chien Su, and Dr. Smiley. Plaintiff testified:
“[Dr. Rue] said, ‘You may have a cobalt burn.’ . .. And he was explaining to me what it was and he said, ‘I’m sending you over to the hospital for X-rays,’ and that’s what it was [that was wrong with me] ... [They] found the constriction and Dr. Rue sent me to Dr. Su ... and I called [defendant] Dr. Jones [in Shreveport] and told him what kind of shape I was in * * * and I told him what Dr. Rue had found, that I had a cobalt burn.”
Dr. Smiley saw plaintiff on July 27, 1979, after plaintiff had seen Drs. Rue and Su. Dr. Smiley testified that plaintiff brought with her a July 18, 1979, X-ray report, that he discussed and explained what her problem was. He said, “She was very knowledgeable,” and he agreed that “she was aware of ... [her] rectal problem, and [that] it was associated with this radiation treatment that she had previously had [in Shreveport].” [2]
Defendant Dr. Jones testified that plaintiff telephoned him on July 27, 1979, and told him that the doctors in California had told her that she had a cobalt burn that had caused a rectal stricture and that they wanted her to undergo a colostomy, or have part of her colon removed. Plaintiff’s action was not instituted until August 11 of the next year.
Under these circumstances, the trial court did not err in sustaining the plea of prescription. For excellent reasons detailed by the trial court, which are here summarized, the judgment appealed is AFFIRMED at appellant’s cost.

. “No action for damages for injury . .. against any physician ... or hospital . .. shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; ...”

. The X-ray report of July 18, 1979, given to Dr. Smiley by plaintiff on July 27, 1979, states in part:
“There is a moderate constricting lesion involving the recto-sigmoid junction. This . . . is probably related to previous radiation of the pelvis ...”