424 So.2d 389 (1982)
Rachel GRANT, Plaintiff-Appellant,
v.
E. Linus CARROLL, Jr., M.D., et al., Defendants-Appellees.
No. 15081-CA.
Court of Appeal of Louisiana, Second Circuit.
November 29, 1982.
Paul Henry Kidd, Monroe, for plaintiff-appellant.
Theus, Grisham, Davis & Leigh by Ronald L. Davis, Jr., Monroe, for defendants-appellees.
Before PRICE, JASPER E. JONES and SEXTON, JJ.
PRICE, Judge.
This is an action for damages as a result of alleged medical malpractice. Plaintiff, *390 Rachel Grant, alleges that defendant, Dr. E. Linus Carroll, Jr., negligently performed a hemorrhoidectomy on plaintiff. Also named as a defendant is Hartford Accident and Indemnity Company, medical malpractice insurer of Dr. Carroll. From a judgment sustaining defendants' peremptory exception of prescription, plaintiff appeals. We affirm the judgment of the trial court for the following reasons.
In her petition, plaintiff alleges that defendant, Dr. Carroll, performed the hemorrhoidectomy on August 6, 1976 and in performing the operation damaged the rectal sphincter and muscles which control plaintiff's bowel movements resulting in the inability to control this bodily function. Plaintiff states she continued under the care of Dr. Carroll from the date of the operation until 1978 with the doctor's assurance that the problem would correct itself. Plaintiff saw Dr. F. H. Hammonds on February 7, 1978 who, in turn, referred her to Dr. Harold Keeling. Dr. Keeling then referred plaintiff to Dr. John Ray. Plaintiff states that she went to see Dr. Fred Marx on July 17, 1978 who performed corrective surgery. Plaintiff states that following this surgery, she began to "suspect" that Carroll had negligently performed the hemorrhoidectomy and for that reason contacted an attorney. The attorney refused to handle the claim for personal reasons but referred plaintiff to another attorney who advised plaintiff that her claim against Dr. Carroll had prescribed. Plaintiff consulted a third attorney who also advised plaintiff that prescription had run on her action. Plaintiff had further corrective surgery by Dr. Ray on August 28, 1979, and in late 1980 once again began to seek legal assistance. The instant action was filed by plaintiff on July 10, 1981.
A hearing on defendants' exception was held on May 25, 1982. At the hearing, plaintiff testified that she had an eighth grade education. Plaintiff stated she began to seek legal advice shortly after the consultation with Dr. Marx who performed corrective surgery on July 17, 1978. Plaintiff testified that Dr. Marx told her "... he had never seen such a mess in his life, that it didn't even look like a job a doctor had done." Plaintiff further testified that at this time she was positive something had gone wrong and that Dr. Carroll was responsible. Plaintiff stated she and her husband continued to seek legal advice from numerous attorneys but the case was either refused for personal reasons or plaintiff was informed that the claim had prescribed until plaintiff ultimately consulted her present attorney.
In its written reasons for judgment, the trial court found that plaintiff was fully aware that defendant, Dr. Carroll, had committed possible malpractice in excess of two, maybe three years, before filing the instant action. The court pointed specifically to the statements made by Dr. Marx who operated on plaintiff in July 1978. The court found the claim had prescribed due to passage of one year following knowledge of facts of a negligent surgical operation. The court held that the failure to file suit due to information from an attorney was not attributable to the defendant-physician and did not act to toll the running of the prescriptive period. The court further held that the claim was prescribed under LSA-R.S. 9:5628 as three years had passed from the date of the alleged negligent act on August 6, 1976 until suit was filed on July 10, 1981.
On appeal, plaintiff argues that prescription did not begin to run until July 1978 when she was apprised by Dr. Marx that the operation was improperly performed by Dr. Carroll. Plaintiff contends that the running of prescription was interrupted by erroneous legal advice from numerous attorneys and that plaintiff brought suit as soon as she found a willing attorney. Plaintiff argues that the doctrine of contra non valentum agere nulla currit praescriptio is applicable as attorneys erroneously concealed her cause of action from her. Corsey v. State Dept. of Corrections, 375 So.2d 1319 (La.1979).
Defendants claim that plaintiff's action clearly prescribed in July 1979, one year after statements by Dr. Marx alerting *391 plaintiff to possible malpractice. Further, the running of the prescriptive period was not interrupted due to erroneous advice by attorneys as to viability of plaintiff's claim. Additionally, defendants argue that plaintiff's claim was extinguished by the running of the three year peremptive period under LSA-R.S. 9:5628.
The issue before this court is whether the trial court erred in finding that plaintiff's action had prescribed under LSA-R.S. 9:5628.
LSA-R.S. 9:5628 provides as follows:
"A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts."
Under this statute, a plaintiff must bring the medical malpractice action within one year from the date of the alleged malpractice or within one year from the date of discovery of the alleged negligent act. Applying the statute to the facts in the instant case, it appears that plaintiff's action has prescribed.
Plaintiff was operated upon on August 6, 1976, which is the date of the alleged negligent act. However, when plaintiff experienced pain and incontinence after the operation, she was told by the defendant, Carroll, that the problem should correct itself in approximately a year. It does not appear that plaintiff had knowledge of any possible negligence at this time. Plaintiff continued to experience difficulties and eventually consulted Dr. Marx who performed corrective surgery on July 17, 1978. Although the running of prescription does not begin when plaintiff has a "mere apprehension" that something may be "wrong", Cordova v. Hartford Acc. & Indem. Co., 387 So.2d 574 (La.1980), plaintiff's testimony clearly showed that the statements made by Dr. Marx made her aware of possible malpractice by Dr. Carroll. Shortly thereafter, plaintiff began to seek legal advice. It is clear that plaintiff had actual or constructive knowledge of the alleged negligent act, the damage and the causal relationship between the two. Zeno v. Lincoln General Hospital, 376 So.2d 1284 (La.App. 2d Cir.1979); Hebert v. Confederate Memorial Medical Center, 381 So.2d 545 (La.App. 2d Cir.1980); Reed v. General Motors Corp., 400 So.2d 919 (La.App. 1st Cir. 1981) and citations therein. Therefore, the prescriptive period began to run at this time. It is necessary to examine whether the prescriptive period had been suspended or interrupted.
Plaintiff argues that the doctrine of contra non valentum should be applied to prevent the running of prescription. It is the opinion of this court that it does not apply.
The supreme court in Corsey, supra, outlined the application of the doctrine of contra non valentum in the following instances: (1) where there was a legal cause which prevented the courts or their officers from taking cognizance of or acting on plaintiff's claim; or (2) where the plaintiff is prevented by some act of the defendant from availing himself of his cause of action; or (3) where there was some condition coupled with the contract or connected with the proceedings which prevented the plaintiff from suing or acting on his claim; or (4) where the cause of action is not known or reasonably knowable by the plaintiff provided such ignorance is not attributable to plaintiff's willfulness or neglect.
The court noted that the first three exceptions are generically different from the fourth in that the cause of action had accrued *392 but external reasons prevented plaintiff from enforcing it such as an administrative or contractual condition, some conduct by the defendant or the closure of the courts due to wartime conditions. See also Henson v. St. Paul Fire & Marine Ins. Co., 363 So.2d 711 (La.1978); Cordova, supra; Andrus v. Patton, 394 So.2d 714 (La.App. 3d Cir.1981); Bill Nolan Livestock Inc. v. Simpson, 402 So.2d 214 (La.App. 1st Cir. 1981); Stewart v. Highland Hospital, 412 So.2d 680 (La.App. 2d Cir.1982) and numerous citations therein.
In the instant case, the defendant, Carroll, did not act to prevent plaintiff from timely pursuing her claim nor was plaintiff ignorant of her cause of action against Dr. Carroll. Further, there was no legal cause which prevented the attorneys from taking cognizance of or acting upon plaintiff's claim. Rather, the attorneys either declined for personal reasons or because they were of the opinion that plaintiff's claim had prescribed. Therefore, the prescriptive period of one year from the date of plaintiff's knowledge of the alleged negligent act was not tolled.
In any event, the claim of the plaintiff was prescribed by the passage of three years from the date of the alleged negligent act on August 6, 1976. The statute clearly provides that a malpractice claim must be filed within a period of three years from the date of the alleged malpractice even as to claims filed within one year of the date of discovery. This provision performs a valid function in that it acts to protect the defendant from extended, possibly indefinite, liability to possible malpractice claims. Further, if an action could be brought ten or twenty years after the date of the alleged malpractice, it would be virtually impossible for a defendant to properly defend himself.
For these reasons, the judgment of the trial court sustaining defendants' peremptory exception of prescription is AFFIRMED at plaintiff's costs.