665 So.2d 1307 (1995)
Ronald TICHENOR
v.
The ROMAN CATHOLIC CHURCH OF the ARCHDIOCESE OF NEW ORLEANS, St. Rita's Church of New Orleans, Dino Cinel, United States Fidelity and Guaranty Company, International Surplus Lines Insurance Company, Twin City Fire Insurance Company, and International Insurance Company.
No. 95-CA-0930.
Court of Appeal of Louisiana, Fourth Circuit.
December 14, 1995.
Writ Denied March 15, 1996.
*1308 David R. Paddison, Covington, Darryl J. Tschirn, La Jolla, California, and Mack E. Barham, Robert E. Arceneaux, Gail N. Wise, Barham & Arceneaux, New Orleans, for Plaintiff/Appellant.
C. William Bradely, Jr., Dwight C. Paulsen, III, Lemle & Kelleher, New Orleans, Don M. Richard, Denechaud and Denechaud, New Orleans, Lindsay A. Larson, III, O'Neil, Eichen, Miller & Breckinridge, New Orleans, Gregg L. Spyridon, Hoffman, Sutterfield, Ensenat & Bankston, New Orleans, for Defendants/Appellees.
Before CIACCIO, LOBRANO and JONES, JJ.
JONES, Judge.
Plaintiff, Ronald Tichenor, appeals the judgment of the trial court dismissing his personal injury/defamation and invasion of privacy causes of action as prescribed.
On May 17, 1991, plaintiff sued defendants alleging in his petition that
[b]eginning in or about 1979, while functioning as a duly ordained priest at the St. Rita Church of New Orleans, which is owned and/or operated by the Roman Catholic Church of the Archdiocese of New Orleans and/or one of its agencies, Father Dino Cinel performed illicit acts upon petitioner, who was then a minor of the approximate age of thirteen [or] fourteen years. Said acts caused petitioner to suffer severe physical and mental damage ...
Plaintiff further alleged that defendants, the Archdiocese and St. Rita's "knew or should have known that such acts were being performed on its premises and that said defendants failed to protect the minor child or to take appropriate measures under the circumstances to ascertain and/or correct the situation,... knew or should have known that they were fostering Father Dino Cinel's illicit *1309 activities in that they knew or should have known that they were providing him some instrumentalities to conduct said illicit activity" and were "... guilty of clergy malpractice, in that it was negligent in its screening, hiring, training and supervision of defendant, Dino Cinel." Appellant also contended that he "was defamed and his privacy invaded by Father Dino Cinel's video taping and/or photographing said illicit activities with petitioner and the Catholic Church's making public said tapes and photographs."
In response to plaintiff's petition, all defendants filed peremptory exceptions of prescription. Concurrently, plaintiff filed a petition against the same parties in First Judicial District Court, Harris County, State of Mississippi which was virtually identical to the instant petition. The Archdiocese and St. Rita's removed that suit to the United States District Court For the Southern District of Mississippi. Pursuant to a motion to transfer by the Archdiocese and St. Rita's, the matter was transferred to the United States District Court for the Eastern District of Louisiana.
Upon transfer, the Archdiocese and St. Rita's filed a Motion for Summary Judgment alleging that 1) they were not subject to in personam jurisdiction under the Mississippi Long-Arm statute and 2) plaintiff's claims were time-barred by the Mississippi statute of limitations. Subsequently Cinel filed a Motion for Summary Judgment adopting the arguments of co-defendants. Cinel's motion was granted on grounds that the statute of limitations had tolled and codefendants' motions were granted for lack of in personam jurisdiction. Tichenor v. Roman Catholic Church of New Orleans, et al., 869 F.Supp. 429 (E.D.La.1993). By separate judgment, the district court held that defendants' insurer was not obligated to defend Cinel. On appeal, these matters were consolidated and affirmed. Tichenor v. Roman Catholic Church of New Orleans, et al., 32 F.3d 953 (Fifth Circuit 1994).
Meanwhile, the state cause of action was continued pending the outcome of the federal litigation. Upon termination of the federal litigation, a contradictory hearing was set on defendants' exceptions of prescription. Testimony was heard and the trial court granted plaintiff additional time to select one videotape which was admitted into evidence and reviewed by the trial court prior to its ruling. Both parties filed post-trial briefs. Thereafter the trial court rendered judgment maintaining defendants' Exceptions of Prescription with the following reasons
More than a year has passed since the alleged acts and the filing of this instant lawsuit.
Plaintiff's argument that Ronald Tichenor was under some sort of psychological control by Dino Cinel is unfounded after a review of the video tapes, the evidence, and the testimony of the experts.
For the foregoing reasons, judgment is assigned.
From this judgment, plaintiff appeals.
At trial plaintiff relied on the doctrine "Contra non valentem agere mulla currit praescripto" to defeat prescription in the instant case. Commonly known as "contra non valentem" it means that prescription does not run against a party unable to act. Generally it provides that prescription should be extended when: a legal cause exists which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; a condition coupled with a contract or connected with the proceedings prevented the creditor from suing or acting; a debtor has acted effectually to prevent the creditor from availing himself of his cause of action; or the cause of action is not known or reasonably knowable by plaintiff, although defendant does not induce his ignorance. Fontaine v. Roman Catholic Church, 625 So.2d 548, 553 (La.App. 4th Cir. 1993) writ denied 93-2719 (La. 1/28/94), 630 So.2d 787.
By his first assignment of error, plaintiff argues that it was error for the trial court to dismiss his cause of action on grounds of prescription and refuse to defer the issue of contra non valentem to the merits. Plaintiff also argues that the issue of contra non valentem was one that should have been decided by the jury, the fact-finder in this case. Plaintiff relies on Montgomery v. Breaux, 297 So.2d 185, 188 (La.1974) and *1310 La.C.C.P. article 929, comment (b) in arguing that an exception need not be disposed of prior to trial but may be deferred to the merits within the discretion of the trial court. Furthermore, plaintiff argues that this discretion exists even when prescription is pleaded prior to the answer. Short v. Griffin, 95-0680, (La.6/16/95), 656 So.2d 635.
Plaintiff further argues that the trial court abused its discretion in the instant case where the exception was fact-based. Plaintiff cites Anderson v. Collins, 26,142 (La.App. 2 Cir. 1/6/95); 648 So.2d 1371, 1381 writ denied 95-0629 (La. 4/21/95); 653 So.2d 576 to support its argument that where the precise question raised by the exception of prescription is the very merits of the case, a jury may decide a fact-based exception. In addition to an abuse of discretion, plaintiff argues that where the evidence to be presented at the exception hearing would have to be repeated at the trial of the merits, discretion to refer the matter to the merits should be exercised in favor of judicial efficiency. Short v. Griffin, supra. More specifically, plaintiff submits that when dealing with the subtle issues of psychological injuries, a court should hesitate to intrude on the fact finding prerogative of the jury.
A crucial distinction between the Anderson case and the instant case is that the former involved a motion in limine that when granted curtailed plaintiff's ability to prove its case. However, a trial ensued and on appeal the court found that plaintiffs were prejudiced. Because the instant case involved an exception of prescription, which determined whether a trial would proceed or not, we cannot say the trial court erred. Plaintiff had an ample opportunity to present his case regarding contra non valentem at the exception hearing.
By his second assignment of error, plaintiff argues that the trial court erred in finding that plaintiff was not the victim of psychological control that deprived him of his free will. Plaintiff argues that the doctrine of contra non valentem has not kept pace with the emerging wave of sexual abuse cases. Formerly the jurisprudence limited incapacity to physical incapacity either through actual physical restraint or physiological and organic brain damage. More recently the courts have acknowledged that post-traumatic stress resulting from sexual abuse can be just as disabling as organic brain injury. See: Held v. State Farm Insurance Company, 610 So.2d 1017 (La.App. 1st Cir.1992) writs denied 613 So.2d 975 (La. 1993). In Wimberly v. Gatch, 93-2361 (La. 4/11/94), 635 So.2d 206, the Supreme Court held that the doctrine of contra non valentem suspended the prescription of a claim for sexual abuse by a minor until the minor's parents were informed of the abuse suffered by the minor. Plaintiff also relies on Fontaine v. Roman Catholic Church, supra which recognized that the discovery rule applies in sexual abuse cases.
Plaintiff submits that the trial court's finding and it's failure to further define "control" in it's reasons suggest that it adopted the opinion of defendant's expert, Dr. Gene Usdin, on this issue. Dr. Usdin opined
That Mr. Cinel had influence over Mr. Tichenor, I do feel is so. That influence reached the degree whereby I would call it control, I do not believe so. That he could greatly influence him at times, yes. To `control' him is a more extreme word.
The determinative factor for Dr. Usdin was that Tichenor would not have committed a crime for Cinel, such as robbery or murder. However, plaintiff's expert, Gerald Murphy, D.S.W. testified that the suggestion that someone is not effectively "controlled" in one area of their behavior because they are not controlled in other areas is ridiculous. Plaintiff submits that both experts reached the same conclusions about the effect of Cinel's dominance over Tichenor. Plaintiff submits that Dr. Usdin's opinion is internally conflicting.
Dr. Murphy testified that plaintiff's first real breakthrough in overcoming the control of Cinel was when he saw a therapist. The therapist referred to Cinel's actions as the actions of a pedophile. Plaintiff testified "[t]hat was when I realized that the pain and the problems I was having with people and the problems I was having understanding my own sexual orientation and feelings could be the result of Dino Cinel." Since suit was filed well within one year of this breakthrough, *1311 plaintiff argues that his claim was timely.
Defendants argue that Wimberly is distinguishable because it involved the sexual abuse of a minor whose parents filed suit on his behalf within one year of learning that their son had been sexually abused. Additionally, defendants argue that the issue of contra non valentem was similarly decided by Judge Wisdom in the federal proceeding when he concluded that "The discovery rule does not help Tichenor." It was Judge Wisdom's opinion that Tichenor should have known of the basis for this suit at least by May of 1989 when Sgt. Tolar notified him that a criminal investigation was being conducted of Cinel and that Fontaine, a minor whom Cinel also allegedly molested, had already filed suit against Cinel. Additionally Judge Wisdom observed in a footnote that Tichenor did not block out any memory of the relationship. In Judge Wisdom's opinion, Tichenor's assertion that he did not arrive at an understanding of the injurious nature of the relationship until he sought therapy is defied by the facts.
Defendants maintain that prescription is not suspended when a plaintiff's ignorance of the facts upon which his cause of action is based is willful, negligent or unreasonable. Wimberly, supra at 212; In Re Medical Review Panel of Howard, 573 So.2d 472 (La. 1991); Young v. Clement, 367 So.2d 828 (La. 1979). Defendants further submit that Wimberly applies only when a defendant's conduct prevents a plaintiff from availing himself of his judicial remedies. Tichenor did not institute suit until May 17, 1991, two years after he was advised of the criminal investigation. In the absence of evidence that Cinel, the Archdiocese or St. Rita's acted to prevent Tichenor from filing suit, Tichenor's claim of contra non valentem fails under Wimberly.
Finally, defendants submit that their expert should be given greater weight than plaintiff's. Dr. Usdin, who testified for defendants, is a certified psychiatrist whereas Dr. Murphy, plaintiff's expert, is a clinical social worker. Defendants argue that none of plaintiff's medical witnesses testified on his behalf, including Dr. Jansen, plaintiff's treating psychologist, who failed to mention "psychological control" in his report.
We agree that when viewed as a whole the evidence of psychological control is not convincing. Although we find the facts of this case compelling, we find plaintiff's testimony incredible that even after he was informed of the criminal investigation of Cinel he did not know of the basis for his cause of action. We are mindful of the advances made in the diagnosis and treatment of post-traumatic stress resulting from sexual abuse. But we do not find that the instant case is one where the doctrine of contra non valentem need be expanded. Where the victim and his abuser voluntarily separated and went on with their lives independent of each other, and the ability to intimidate was curtailed both by time and distance, the evidence of control is lacking.
By his third assignment of error, plaintiff argues that the trial court erred in refusing to permit defendant's expert to view the videotapes for purposes of cross-examination. Plaintiff submits that when an expert testifies that the difference between psychological influence and psychological control is a matter of degree. Plaintiff argues that expert needs all the information available to make an accurate assessment of whether the nebulous line between these two concepts has been crossed, and that viewing the tapes may have supplied the missing evidence necessary to carry Dr. Usdin's opinion over the mark.
Plaintiff further submits that when viewed in chronological order the tapes show the clear progression of Cinel's domination over plaintiff.
The trial court observed that neither expert who testified regarding psychological control viewed the videotapes. However, the trial court viewed the videotapes and found that they did not support a finding of contra non valentem.
Defendants argue that because the videotaping ended in December 1986 at the latest, they are not relevant to the inquiry whether Cinel thereafter exerted "psychological control" over Tichenor and prevented him from acting until 1991. We agree. The trial court *1312 did not err in disallowing plaintiff to cross-examine Dr. Usdin on the contents of the videotapes.
By his fourth assignment of error, plaintiff argues that the trial court erred in dismissing plaintiff's claims of defamation and invasion of privacy. Prescription as to these causes of action is not evident from the face of the pleading, therefore plaintiff argues that defendants bear the burden of proof with respect thereto. Defendants offered no evidence to support their claim of prescription.
Plaintiff's petition alleges as follows:
Petitioner was defamed and his privacy invaded by Father Dino Cinel's video taping and/or photographing said illicit activities with petitioner and the Catholic Church's making public said tapes and photographs.
Any claim plaintiff had against Cinel for making videotapes of him or taking photographs of him prescribed in December 1987 since the videotaping, like the sex acts depicted therein, ceased in December 1986. The petition contains no allegations of media publication or marketing, only the allegation that the Church publicized the tapes and photographs by surrendering them to law enforcement authorities which it was obligated to do.
Defendants argue that unlike in Fontaine there is absolutely no evidence that Cinel (or the Archdiocese or St. Rita's) invaded plaintiff's privacy by publishing or marketing videotapes and/or photographs. Furthermore, Tichenor failed to raise this argument at trial. Like the U.S. Fifth Circuit who addressed this same issue in its opinion in this matter, we must dismiss arguments raised on appeal for the first time. Tichenor, supra at 963.
By his fifth assignment of error, plaintiff argues that the trial court erred in applying the one-year prescriptive period in tort instead of the ten-year prescriptive period applicable to breaches of fiduciary duty. Plaintiff submits that Cinel solicited the homeless 14 year-old boy to come and live with him, established a father/son relationship, acted as Tichenor's guardian, counselled him and interceded on his behalf in various juvenile court proceedings.
It is unclear whether plaintiff is relying on a theory of clergy malpractice or some other quasi-contractual obligation. Plaintiff does concede that breach of fiduciary duty was not specifically pled but seeks leave to amend his petition.
As defendants argue, plaintiff's claim fails because it was not timely made and hence not preserved for appeal. Furthermore, Louisiana courts have not recognized a cause of action for clergy malpractice. Roppolo v. Moore, 644 So.2d 206 (La.App. 4th Cir.1994) writ denied 94-3032 (La. 2/17/95), 650 So.2d 253. We find that this assignment lacks merit.
For the foregoing reasons, the trial court's judgment is affirmed.
AFFIRMED.