WALTZER, Judge.
STATEMENT OF THE CASE
This matter arises from a trial in process of plaintiffs’-relators’ petition alleging that Kenneth Dixon, a hemophiliac, became infected with HIV, the virus that causes Acquired Immune Deficiency Syndrome (AIDS) by having used factor concentrate, a blood derivative sold by defendants-respondents.
On 20 November 1997, the trial court signed a Pre-Trial Order and Trial-Order referring respondents’ exception of prescription to the merits, and requiring that all preliminary motions, including motions in li-mine, be filed no later than 45 days prior to trial and set only on the second motion day of the trial court in a calendar month. The order provided that motions, except peremptory exceptions, not heard by the date of trial are deemed abandoned. Pre-Trial Order No. 3 of 21 April 1998 set 21 September 1998 as the deadline for all motions in limine. At a hearing on 5 October 1998, the trial judge stated that, in accordance with the Pre-Trial Orders, the prescription issue was referred to the merits and would be tried to the Court alone. The trial judge stated at that time:
bl note for a reviewing court that I do not intend at this time to let the jury determine the issue of exception of prescription unless there is some dicta from the Fourth Circuit Court of Appeal that that should be submitted as a jury issue, or interlocutory orders entered subsequent hereto by the Court that the issue of prescription shall be submitted to the jury. I intend to act that way, and that has a material effect on which I do here today, because I am going to be determining the issue of prescription. Now, I further note that because these cases appear prescribed on their face, under the jurisprudence the burden is on the plaintiffs in this case to show that their case is not prescribed. So, during the course of trial I feel that it is a material' matter for them to address.
The trial court’s determination to decide the prescription issue was restated in its reasons denying defendants-respondents’ motion for summary judgment on 13 October 1998 and in pre-trial proceedings held on 23 October 1998. At the latter hearing, counsel for plaintiffs-relators recognized, “ ... [Wjhether you want us to show [evidence on prescription] to you out of the presence of the jury or not is a decision you will have to make at the time, ...”
Notwithstanding relators’ awareness of the trial court’s intention to rule on the prescription issue, relators did not seek interlocutory review of that ruling. Relators likewise did not submit proposed jury charges relating to the prescription issue.
Trial began on 2 November 1998 and ended in a mistrial on 9 November 1998. During the course of the first trial, relators did not request or suggest that prescription be tried to the jury.
_J¡A second trial began with jury selection on 2 December 1998. The opening statements did not suggest the jury would determine a prescription or contra non valentem issue. Several witnesses testified concerning prescription: 9 December — Dr. Ernest Wong; 10 December — Cheryl Lewis-Dixon; 14 December — Dr. Charles Hamilton. Dixon and Wong testified outside the presence of the jury and without objection from rela-tors. Two weeks after the commencement of the second trial, and for the first time in the course of the litigation, relators objected to Hamilton’s prescription-related testimony’s being taken outside the presence of the jury. Relators contend that this procedure denies them their constitutionally protected, fundamental right to trial by jury.
In light of the codal and jurisprudential authorities governing this issue in this circuit, we conclude that the trial court was correct in holding that all issues relating to prescription, both legal and factual, may be *1189 determined by the trial judge alone, subject to appellate review as provided by law.
ANALYSIS
Both relators and respondents have addressed the merits of the prescription exception in their respective writ application, reply and response. However, the merits of the exception are not before us. We express no opinion as to the validity of respondents’ claim of prescription or as to relators’ claim of contra non valentem. The narrow issue we are to decide is whether the trial court properly reserved determination of the prescription issue to himself.
(^Respondents correctly suggest that rela-tors’ delay in objecting to the trial court’s determination of the prescription issue constitutes a waiver of that objection. See Brady v. Bunge Corporation, 582 So.2d 346, 350 (La.App. 4 Cir.), writ denied 588 So.2d 100 (La.1991). In Brady, this Court recognized that a party is not entitled to a trial by jury of an exception raising the objection of prescription, and that failure to raise a timely objection to the trial court’s intention to determine the issue constitutes a waiver of the objection. Relators knew that the trial court intended to reserve the prescription issue for his own decision at the latest on 5 October 1998. Relators cannot successfully contend that their delay in raising their objection despite opportunities prior to the two trials and in connection with opening statements and proposed interrogatories to the jury was reasonable.
Even if we were able to find from the record submitted by the parties some justification for relators’ delay, it remains clear that, as this Court held in Brady, the prescription issue is properly tried to the court, not to a jury. Relators misunderstand the trial court’s reference of the issue “to the merits” and suggest that this reference implies determination by the jury. Clearly, reference of an issue to the merits means only that it will be decided by whatever trier of fact is deemed appropriate only after all evidence has .been adduced at trial. Reference to the merits does not imply reference to a jury where the issue is properly tried by the court alone.
This Court held:
We first reject plaintiffs argument that, when a petition has demanded trial by jury, only a jury can decide ^disputed facts relative to an exception of prescription. C.C.P. 929 provides that a peremptory exception filed before answer shall be tried prior to “trial on the merits of the case.”(See also art. 929 providing post-trial trial of post-trial exceptions.) ... One is not entitled to have the jury decide a fact-based exception to the jurisdiction of the court, McGehee v. Brown, 3 La.Ann. 272 (1848). The judge do.es not invade the province of the jury by making factual determinations on the trial of exceptions.
Elzy v. ABC Ins. Co., 472 So.2d 205, 207 (La.App. 4 Cir.), writ denied, 475 So.2d 361 (La.1985).
In the instant case, the trial court’s reasons for judgment of 17 December 1998 correctly point out that the authorities relied upon by relators are in direct conflict with the language of La.C.C.P. arts. 929 and 931 and with this Court’s conclusion in Elzy and Brady.
The trial judge correctly distinguished respondent’s authorities. Kavanaugh v. Long, 29,380 (La.App. 2 Cir. 8/20/97), 698 So.2d 730, writ denied, 97-2554 (La.5/15/98), 719 So.2d 67 is from the Second Circuit and holds merely that the trial court did not abuse its discretion in permitting the jury to try a prescription issue raised by affirmative defense in defendant’s answer. Another Second Circuit case, Anderson v. Collins, 26,142 (La.App. 2 Cir. 1/6/95), 648 So.2d 1371, writs denied, 95-0629 and 95-0783 (La.4/21/95), 653 So.2d 576, holds that a res judicata (not prescription) exception could be determined by a jury where the merits of the case involved the issue of fraud and ill practices which was also the issue on the merits. The Third Circuit in Williams v. American Family Mut. Ins. Co., 520 So.2d 1082 (La.App. 3 Cir.1987) did not consider why the jury considered the prescription issue. The propriety vel non of the jury’s having been given the issue was not assigned as error. Likewise, in Harvey v. Amoco Production Co., 96 1714 (La.App. 1 Cir. 6/20/97), 696 So.2d 672, a jury (Instruction case, the First Circuit did *1190 not address the correctness of submission of contra non valentem questions to the jury. In Tichenor v. Roman Catholic Church of the Archdiocese of New Orleans, 95-0930 (La. App. 4 Cir. 12/14/95), 665 So.2d 1307, writ denied 96-0183 (La.3/15/96), 669 So.2d 424, this Court affirmed a trial court’s disposition of the plaintiffs contra non valentem argument where plaintiff had ample opportunity to present his evidence. There is no suggestion in the instant case that relators have been or will be thwarted in their presentation of evidence.
Neither does trial of the exception to the court alone offend the notion of judicial economy. We have no reason to conclude that this experienced trial judge will be unable to manage the conduct of testimony to achieve economical employment of court resources.
CONCLUSION AND DECREE
For the foregoing reasons, we grant the relators’ writ application and affirm the trial court’s ruling that the legal and factual issues involved in respondents’ exception of prescription shall be tried to the trial court.
WRIT GRANTED; RELIEF DENIED; RULING OF TRIAL COURT AFFIRMED.
KLEES, J. CONCURS WITH REASONS.