FRED W. JONES, Jr., Judge.
Bonnie Lynn Speights sued Caldwell Memorial Hospital and Dr. H.H. Winters, III, for alleged malpractice. The trial judge sustained an exception of prescription. Mrs. Speights appeals that judgment. We affirm for the following reasons.
In April of 1980, Mrs. Speights entered Caldwell Memorial Hospital for the purpose of having her Fallopian tubes tied to prevent conception. She alleges that after the operation Dr. Winters represented to her that her IUD (interuterine device) had been removed. Some time later she began experiencing increased discomfort during menstruation and pain during intercourse. Mrs. Speights testified that in February, March or April of 1981, she discovered a string in her uterus. She further testified that she knew that a string was attached to the IUD as a means of determining whether it was still in place. She told a friend about the string and her friend referred her to Dr. Coffman who removed the IUD in June of 1981. Suit was filed in June of 1982.
Prescription in a malpractice action is established by La.R.S. 9:5628 which provides:
§ 5628.
A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
Application of La.R.S. 9:5628 to the facts of this case requires that the suit be dismissed. The operation complained of occurred in April of 1980. Normally the action would prescribe in April of 1981. However, assuming for the sake of argument that Dr. Winters represented to Mrs. Speights that the IUD had been removed, she had one year from the date of discovery of the alleged omission to file her *883 action. The jurisprudence is clear that this “discovery” does not require certain knowledge, but merely “sufficient information to incite her curiosity” as to the cause of her discomfort. See Bayonne v. Hartford Ins. Co., 353 So.2d 1051 (La.App. 2d Cir.1977). Mrs. Speights had sufficient information to incite her curiosity when she discovered the string in her uterus. She, in fact, followed up on that finding and had the IUD removed. The latest possible date of discovery according to her testimony was April of 1981. Therefore, suit should have been filed by April of 1982. Since suit was filed in June of 1982, the action had prescribed.
The judgment of the trial court is affirmed, with the cost of appeal assessed to appellant.