507 So.2d 277 (1987)
In the Matter of Victoria A. PHILLIPS, Appellant,
v.
HAMILTON MEDICAL GROUP, Dr. Albert C. Rees, Dr. Zerben H. Bienvienu & Dr. Maurice J. Sullivan, Appellees.
No. 86-598.
Court of Appeal of Louisiana, Third Circuit.
May 13, 1987.
Rehearing Denied June 10, 1987.
Victoria A. Phillips, Lafayette, pro se.
Charles J. Boudreaux, Jr., Lafayette, for appellant.
Joseph P. Gordon, Jr., New Orleans, for appellees.
*278 Before GUIDRY, FORET and CULPEPPER[*], JJ.
FORET, Judge.
The issue in this appeal is prescription in a medical malpractice claim.
On May 7, 1985, Victoria A. Phillips filed claims with the State Insurance Commissioner pursuant to La.R.S. 40:1299.41 et seq., claiming negligent medical malpractice on the parts of Hamilton Medical Group, Dr. Albert C. Rees, Dr. Zerben H. Bienvienu, Dr. Maurice J. Sullivan[**], and Dr. Cary Hernandez. In this case (# 86-598), Hamilton Medical Group, Drs. Rees, Bienvienu, and Sullivan filed a petition in the district court claiming that Ms. Phillips' claim was prescribed and prayed for dismissal thereof, pursuant to La.R.S. 40:1299.47(B)(2)(a). Dr. Cary Hernandez filed a similar petition, 507 So.2d 279 (La. App.1987) alleging prescription of Ms. Phillips' claim. The trial court ruled in favor of the exceptors claiming prescription and dismissed Phillips' suit with prejudice. For the reasons stated below, we affirm the trial court judgment. A separate judgment will be rendered in 507 So.2d 279.

FACTS
The record reveals that Ms. Phillips saw Dr. Zerben Bienvienu in July of 1976. On that day, Dr. Bienvienu prescribed the drug, Butazolidin, in connection with his treatment of her for a case of tendonitis. This drug treatment was discontinued in that same year when she showed signs of a reaction to the drug. Phillips was treated for the reaction symptoms and other problems off and on at the Hamilton Medical Group, by various doctors, until 1980. Subsequently, Phillips was treated by Dr. Cary Hernandez in the emergency room of Lafayette General Hospital in 1980 and 1981, complaining of chest pains and an impacted insect in one of her ears.
Absent from the record are hospital records and documents describing the illness and treatment of Phillips. At the hearing in the trial court, claimant stated that her medical problem occurred in 1976, when she was given the drug Butazolidin. She said the side effects consisted of swelling, bleeding, gastritis, and joint pains. The record reveals that claimant was informed by Drs. Rees and Sullivan that she had had a reaction to the Butazolidin and, in that same year, 1976, the drug was discontinued. The record indicates that Phillips was treated for the reaction symptoms and other problems off and on by the Hamilton Medical Group until 1980. It is clear that at least by this time claimant was fully aware of her medical problems. Her contention that she did not discover her problem until 1985 is, therefore, without merit.
Regarding Dr. Cary Hernandez, plaintiff saw him on only two occasions, both for conditions unrelated to the Butazolidin reaction. The record reflects that plaintiff saw him on October 21, 1980 for an impacted insect in her ear, and on January 2, 1981 for chest pains. Although Phillips claims that Dr. Hernandez was negligent in failing to diagnose her Butazolidin problem, she admits that Dr. Hernandez did not participate in any way with the treatment she received from the Hamilton Medical Group and that she did not discuss the Butazolidin treatments with him. Because claimant experienced side effects to the drug almost immediately after having taken it in 1976, and was treated for the symptoms on and off until 1980, we conclude that she knew or should have known that a problem existed. La.R.S. 9:5628 provides as follows:
"§ 5628.
A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, omission or neglect; provided, however, *279 that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts."
Prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. Percy v. State, E.A. Conway Memorial Hosp., 478 So.2d 570 (La.App. 2 Cir. 1985). A prescriptive period will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge of same. Constructive knowledge is whatever notice is enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry may lead. Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription. Ledet v. Miller, 459 So.2d 202 (La.App. 3 Cir.1984), writ denied, 463 So.2d 603 (La.1985); Bayonne v. Hartford Insurance Co., 353 So.2d 1051 (La.App. 2 Cir.1977); Opelousas General Hospital v. Guillory, 429 So.2d 550 (La. App. 3 Cir.1983). In Speights v. Caldwell Memorial Hospital, 463 So.2d 881 (La.App. 2 Cir.1985), the court, in sustaining an exception of prescription stated: "The jurisprudence is clear that this discovery does not require certain knowledge, but merely sufficient information to incite her curosity as to the cause of her discomfort."
It is very clear that Ms. Phillips experienced immediate medical problems after taking the Butazolidin and that she continued to have these problems at least through 1980. On the basis of the above, it is clear that at least by 1980 Ms. Phillips was fully aware of her medical problems and yet she did nothing to assert or preserve a claim against her treating physicians; nor did she engage in any research or retain an attorney to look into her claim. She did nothing in this regard until May of 1985, when she filed a claim with the Insurance Commissioner of the State of Louisiana pursuant to La.R.S. 40:1299.41 et seq.
Ms. Phillips, who represented herself in proper person in the trial court and before this Court, also urges on appeal the unconstitutionality of the prescription statute, namely La.R.S. 9:5628. This issue was not raised in the trial court, and it is axiomatic that the issue of the constitutionality of a statute not raised in the trial court will not be addressed on appeal. However, in passing, we are of the opinion that there is no merit to this contention in either event.
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed to Victoria A. Phillips.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, Judge Pro Tempore.
[**] Drs. Rees, Bienvienu, and Sullivan are members of the Hamilton Medical Group.