359 So.2d 649 (1978)
Gerald L. SARTIN
v.
ST. PAUL FIRE AND MARINE INSURANCE CO. et al.
No. 11957.
Court of Appeal of Louisiana, First Circuit.
May 1, 1978.
*650 J. Daniel Rivette, New Orleans, and J. Lee Wimberley, Jr., Church Point, of counsel, for plaintiff-appellant Gerald L. Sartin.
Robert L. Klienpeter, Baton Rouge, of counsel, for defendant-appellee Doctors Memorial Hospital.
Donald T. W. Phelps, Baton Rouge, of counsel, for defendants-appellees Dr. Charles A. Strange, individually, Drs. Charles A. Strange, Herbert K. Plauche, James T. Kilroy, and John A. Thomas, Professional Medical Corporation, and Insurer.
Before BLANCHE, COVINGTON and CHIASSON, JJ.
CHIASSON, Judge.
Plaintiff Gerald L. Sartin appeals a judgment of the trial court sustaining defendants' exceptions of prescription and dismissing his suit with prejudice. Plaintiff filed a medical malpractice action for damages arising from the negligent act of one or more of the defendants during the course of plaintiff's surgery and hospitalization for the insertion of a metal pin in his left tibia which resulted in infection and pain in his leg.
Made defendants are St. Paul Fire and Marine Insurance Company, Dr. Charles A. Strange, individually, Dr. Charles A. Strange, Herbert K. Plauche, James T. Kilroy and John A. Thomas, a professional medical corporation, and Doctors Memorial Hospital.
The facts giving rise to this action are as follows:
Plaintiff was operated on for insertion of the metal pin on February 5, 1975. On February 17, 1975, plaintiff was seen by Dr. Strange's partner, Dr. Thomas, who noted some blisters, and some skin inflammation and/or infection. Plaintiff was then seen on February 25, 1975, and at that time the skin was much improved. On March 18, 1975, plaintiff was seen by Dr. Strange complaining of pain, moderately severe in nature, at which time Dr. Strange noted that no infection was evident. On March 28, 1975, plaintiff was again seen by Dr. Strange, at which time infection was noted which was evidenced by a defect where the pin had been inserted of a size between a nickel and a quarter, and an area of fistulous tract of an abscess several inches above the ankle joint which area was not involved *651 in the prior surgery. On said date surgery was scheduled and the operation was performed on April 9, 1975, removing the metal pin. A culture was grown and the infection was identified as a staph some forty-eight (48) hours later.
Suit was filed on April 8, 1976, and the defendants filed exceptions of prescription. The trial court, finding that the plaintiff had actual knowledge of the infection more than a year prior to April 8, 1976, ruled that the action was prescribed.
Plaintiff assigns as error the trial court's finding that plaintiff had sufficient knowledge of the tortious act prior to April 8, 1975, to commence the running of prescription.
The applicable prescriptive period is set out in La.R.S. 9:5628, which provides that suit in actions for medical malpractice must be filed ". . . within one year from the date of the alleged act, omission or neglect, or within one year from the date of the discovery of the alleged act, omission or neglect; . . ."
In Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 (1970), the Louisiana Supreme Court held that the injured party need not have actual knowledge of the conditions to start the running of prescription as long as there is "constructive notice," i. e., "(W)hatever is notice enough to excite attention . . . and call for inquiry."
When one is charged with constructive notice, it has the effect of charging him with "notice and knowledge of all matters which diligent inquiry may have revealed." Marcel v. Hospital Corp. of Sisters of Saint Joseph, 322 So.2d 302 (La.App. 1st Cir. 1975).
In Duhon v. Saloom, 323 So.2d 202 (La. App. 3rd Cir. 1975), writ refused, it was held that ". . . prescription does not commence to run until plaintiff has actual or constructive knowledge of the tortious act, the damage and the causal relation between the tortious act and the damage."
Plaintiff contends that under the above-mentioned jurisprudence he cannot be charged with notice, either actual or constructive, until after the operation on April 9, 1975 for removal of the metal pin because it was only after that time that the causal relation between the infection and a tortious act could be determined by diligent inquiry. We agree.
While we agree that plaintiff had actual knowledge of the infection, which constitutes the damages complained of, at least as early as March 28, 1975, and more than one year prior to the filing of the suit as found by the trial court, we are of the opinion that this knowledge was insufficient to commence the running of prescription because plaintiff, at that time, had no way of knowing that a tort had been committed. Nor was there any way that plaintiff could be aware of any causal connexity between the infection and the operation of February 5, 1975. Duhon v. Saloom, supra.
It is not the operation itself which constitutes the act complained of, but rather the act, omission or neglect that allowed the introduction of staphylococcus into the tibia during the operation when the pin was inserted.
Dr. Charles A. Strange, one of the defendants, testified that the cause of the infection could not have been determined until after the cultures had grown, some forty-eight (48) hours after the operation on April 9, 1975. The infection could have been caused by other factors not related to the operation of February 5, 1975, and independent of any tortious act.
We, therefore, hold that plaintiff could not have discovered "the alleged act, omission or neglect" until forty-eight (48) hours after the operation of April 9, 1975, which is within one (1) year of the date of the filing of the suit.
For these reasons the judgments of the trial court sustaining the exceptions of prescription filed by defendants are reversed and said exceptions are hereby overruled, and the case is remanded to the trial court for further proceedings.
*652 Costs of this appeal are to be paid by defendants; all other costs are to await the final disposition of the case.
REVERSED AND REMANDED.