459 So.2d 202 (1984)
Elrena Marie LEDET, Plaintiff-Appellant,
v.
Dr. A.C. MILLER, et al., Defendants-Appellees.
No. 83-1014.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
Rehearing Denied December 13, 1984.
Writ Denied February 8, 1985.
*203 Newman, Thibodeaux and Marshall, H. Gayle Marshall, and Raymond D. Fuljenz, Lake Charles, for plaintiff-appellant.
Guillory, McGee and Mayeux, A. Frank McGee and A. Gerard Caswell, Eunice, for defendants-appellees.
Before GUIDRY, STOKER and YELVERTON, JJ.
STOKER, Judge.
Mrs. Elrena Marie Ledet, the plaintiff in a medical malpractice case, appeals the dismissal of her suit against Dr. A.C. Miller, Jr. and Dr. Thomas P. LaHaye on an exception of prescription. We affirm the trial court's judgment.
On November 2, 1981, Elrena Ledet underwent surgery at Moosa Memorial Hospital for tubal litigation. Dr. Miller performed the surgery and Dr. LaHaye assisted him. They are partners in the practice of obstetrics and gynecology. About forty-five minutes after the surgery she began having abnormal arm movements. She then began having generalized convulsions. According to the petition, plaintiff has apparently suffered serious brain damage and cannot walk, talk properly or use either hand. She alleges in the petition that during the surgery Drs. Miller and LaHaye and/or some other employee of either Dr. Miller, Dr. LaHaye or Moosa Memorial Hospital did or failed to do something, the exact nature of which is unknown to claimant, which caused claimant to become comatose and become totally and permanently incapacitated.
The suit was filed on April 13, 1983, 17½ months after the surgery. Defendants filed an exception of prescription. The trial judge sustained the exception.
On appeal, plaintiff contends the trial judge erred in sustaining the exception of *204 prescription because prescription had not even begun to run.
The prescriptive period in actions for medical malpractice is provided by LSA-R.S. 9:5628:
"A. No action for damages for injury or death against any physician, chiropractor, dentist, or hospital duly licensed under the laws of this state, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act, ommission or neglect; provided, however, that even as to claims filed within one year from the date of such discovery, in all events such claims must be filed at the latest within a period of three years from the date of the alleged act, omission or neglect.
"B. The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts."
Mrs. Ledet contends the prescriptive period has not begun to run because she has no knowledge of any specific act, omission or neglect that caused her disability.
Prescription does not begin to run against one who is ignorant of facts that would entitle him to bring an action as long as such ignorance is not willful and does not result from his neglect. Young v. Clement, 367 So.2d 828 (La.1979). However, the prescriptive period set out in 9:5628 will begin to run even if the injured party does not have actual knowledge of facts that would entitle him to bring a suit as long as there is constructive knowledge. Sartin v. St. Paul Fire and Marine Insurance Co., 359 So.2d 649 (La.App. 1st Cir. 1978). Constructive knowledge is whatever is notice enough to excite attention and put the injured party on guard and call for inquiry. Such notice is tantamount to knowledge or notice of everything to which inquiry may lead, and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription. Cartwright v. Chrysler Corporation, 255 La. 597, 232 So.2d 285 (1970).
Mrs. Ledet and her husband had constructive notice of enough facts to bring a malpractice action shortly after her surgery. Mrs. Ledet's problems began forty-five minutes after surgery. Mr. Ledet was told on the morning of the surgery that his wife was having problems. Mrs. Ledet stayed in Moosa Memorial Hospital for a week following surgery and was then transferred to a hospital in Lafayette where she remained for about a month. Mr. Ledet testified that a doctor in Lafayette told him that in six months his wife would be back on her feet. The fact that such serious problems began almost immediately after the tubal ligation put them on enough notice to call for inquiry. Knowledge that the condition was so serious that Mrs. Ledet would not be able to walk for six months further shows that some inquiry should have been made. Even though Dr. LaHaye told the Ledets that he did not know what happened to cause the condition, that should not have ended the inquiry.
We find that prescription began to run sometime shortly after Mrs. Ledet's surgery. The trial judge was correct in sustaining the exception of prescription. Therefore, we affirm the judgment of the trial court. The costs of this appeal are assessed to the plaintiff-appellant.
AFFIRMED.