793 F.2d 1293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD THORNE, Plaintiff-Appellant
v.
VILLAGE OF SANFORD, MICHIGAN, Defendant-Appellee.
 84-1887
 United States Court of Appeals, Sixth Circuit.
 5/23/86
 
 REMANDED
 E.D.Mich.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: MERRITT and JONES, Circuit Judges; and THOMAS, Senior District Judge.*
 MERRITT, Circuit Judge.
 
 
 1
 This is an action under 42 U.S.C. Sec. 1983 arising out of a zoning dispute. For the reasons set out below we affirm the District Court's action in dismissing the case.
 
 I.
 
 2
 Richard Thorne received a permit in May of 1978 to construct a commercial building in Sanford, Michigan. Thorne commenced construction but was issued a stop work order in February of 1979. In January of 1982 Thorne executed an option-to-purchase contract with another individual who presented an identical construction plan to the Village authorities. Although Thorne's plan had been denied, his successor's was approved on February 2, 1982, and all relevant construction permits were issued by the Village. Thorne sold the property, allegedly at a loss, pursuant to the option contract, and filed the instant action in June of 1983. The District Court applied the three-year Michigan statute of limitations[1] and dismissed, finding that Thorne should have filed suit within three years of the issuance of the stop work order--that is, no later than February of 1982. Thorne appeals, arguing that the statute should not have started to run until it became apparent that he had received unequal treatment, which he argues was not until his successor was granted a permit for the identical project.
 
 II.
 
 3
 Thorne's complaints boil down to two allegations: (1) that he was denied due process of law by an arbitrary action of the board in issuing the stop work order; and (2) that he was denied equal protection of the law as a result of the Village's action in approving an identical application after refusing to let him complete construction. He argues that the District Court should have found that the statute started to run with regard to both issues on February 2, 1982, the date on which his successor was granted permission to go ahead with the project. Had the District Court done so, his action would have been within the statute of limitations.
 
 
 4
 With regard to the first issue, Thorne's argument clearly fails. Ordinarily the time of accrual of a civil rights action runs from the time that a plaintiff has actual or constructive knowledge of the challenged act. See, e.g., Delaware State College v. Ricks, 449 U.S. 250 (1980). See also United States v. Kubrick, 444 U.S. 111 (1979); Lavellee v. List, 611 F.2d 1129 (5th Cir. 1980). Even under the 'discovery' rule urged by Thorne, he would have 'discovered' any due process deprivation stemming from arbitrary action by the Village at the time of the stop work order, not later.
 
 
 5
 In addition, the procedural due process claim fails under Hudson v. Palmer, 104 S.Ct. 3194, (82 L.Ed.2d 393 (1984)), because there is no allegation or showing that the state's judicial process does not provide fair procedures that would remedy the alleged wrong, if proved. See also Vicory v. Walton, 721 F.2d 1062 (6th Cir. 1983), cert. denied, 105 S.Ct. 125 (1984).
 
 
 6
 The second question, regarding the equal protection violation, is more difficult. Other circuits have held that a claim for denial of equal protection may not arise until the unequal treatment is discovered. See Calhoun County v. Alabama Alcoholic Beverage Control Board, 705 F.2d 422 (11th Cir. 1983) (per curiam). However, because Thorne's complaint fails on its face to state a claim on which relief can be granted, we dismiss without reaching the issue of when the action would have accrued.
 
 
 7
 In order to state a claim for denial of equal protection, the alleged discrimination must be based on poverty, race, or some other classification; it is not enough that one individual was treated differently from another. Nor does a plaintiff make out an equal protection claim by 'conflating all persons not injured into a preferred class receiving better treatment' than the plaintiff. Joyce v. Mavromatis, 783 F.2d 56, 57 (6th Cir. 1986). Thorne has made no allegation in his complaint or brief that some unreasonable classification lay behind the Village's actions. Accordingly, we remand this case to the District Court with instructions to dismiss the complaint.
 
 
 
 *
 The Honorable William K. Thomas, Senior District Judge of the United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 MCLA 600.5805, which both parties agree is the applicable statute