IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2007

Charles R. Fulbruge III
Clerk

No. 07-30343
Summary Calendar

WILMER DIXON

Plaintiff-Appellant

v.

CORNEL H HUBERT, Warden of Hunt Correctional

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CV-952

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Wilmer Dixon, federal prisoner # 29334-034, filed a 42 U.S.C. § 1983 suit complaining of the conditions he endured while temporarily housed in a Louisiana state correctional facility, Hunt Correctional Center, shortly after Hurricane Katrina. The district court dismissed Dixon's suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) concluding, in part, that Dixon's claim was untimely filed. The district court also denied Dixon leave to appeal in forma pauperis (IFP), certifying that the appeal was not taken in good faith. Dixon seeks leave

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from this court to proceed IFP. By doing so, he challenges the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 203 (5th Cir. 1997).

Dixon has failed to demonstrate that his complaint was timely filed. "[F]ederal law determines when a § 1983 claim accrues." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). "The standard for when a § 1983 claim accrues is when "the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'" Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980) (citation omitted). Dixon's argument that he could not file his suit sooner because he did not know the warden's name to name him as the defendant is meritless. There are countless cases, like Lavellee, in which a plaintiff has brought suit against John or Jane Does when the defendant's name is unknown, but the defendant's position is known. E.g., id at 1129; Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Dixon's claims accrued in September 2005, but he did not file his suit until December 2006, after the one year deadline had expired. See Jacobsen, 133 F.3d at 319. Dixon has not demonstrated that he is entitled to proceed IFP on appeal, and his motion for leave to appeal IFP is denied. Dixon has also moved for appointment of counsel and for leave to file an amended brief. These motions are denied. As it is plain that any appeal would be frivolous, we dismiss the appeal sua sponte pursuant to 5TH CIR. R. 42.2. See Baugh, 117 F.3d at 202 n.24.

The dismissal of this appeal and the district court's dismissal of Dixon's complaint each count as a strike under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Dixon received a strike for the district court's dismissal of his complaint. See Dixon v. Cooper, No. 07-30440. Dixon is therefore barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

APPEAL DISMISSED; MOTIONS DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED