IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2007

Charles R. Fulbruge III
Clerk

No. 07-30440
Summary Calendar

WILMER DIXON, III

                            Plaintiff-Appellant

v.

LYNN COOPER; JANE DOE, Nurse of Avoyelles Correctional Center in her
individual and official capacity

                            Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:06-CV-2330

Before KING, DAVIS, and CLEMENT, Circuit Judges.
PER CURIAM:*

     Wilmer Dixon, federal prisoner # 29334-034, filed a 42 U.S.C. § 1983 suit
complaining that he was denied medical care for needle-like pain he experienced
while temporarily housed in a Louisiana state correctional facility, Avoyelles
Correctional Center, shortly after Hurricane Katrina.   The district court
dismissed Dixon's suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)
concluding, in part, that Dixon's claim was untimely filed.

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

Dixon argues that, under Louisiana law, his complaint was timely filed because it did not accrue until September 2006. However, "federal law determines when a § 1983 claim accrues." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). "The standard for when a § 1983 claim accrues is when "the plaintiff is in possession of the 'critical facts that he has been hurt and who has inflicted the injury.'" Lavellee v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980) (citation omitted). Dixon's argument that he could not file his suit sooner because he did not know the warden's name to name him as the defendant is meritless. There are countless cases, like Lavellee, in which a plaintiff has brought suit against John or Jane Does when the defendant's name is unknown, but the defendant's position is known. E.g., id at 1129; Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

Dixon's claims accrued in September 2005, when he learned of the injury that formed the basis of his suit. Dixon did not file his suit until December 2006, after the one year deadline had expired. See Jacobsen, 133 F.3d at 319. Accordingly, we affirm the judgment of the district court dismissing Dixon's suit. Dixon's motion for appointment of counsel is denied.

The district court's dismissal of Dixon's complaint counts as a strike under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Dixon received two strikes as a result of the district court's dismissal of his complaint in Dixon v. Hubert, No. 07-30343, and our dismissal of that appeal. Dixon is therefore barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

AFFIRMED; MOTIONS DENIED; 28 U.S.C. § 1915(g) BAR IMPOSED