[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14015
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:11-cv-14114-JEM


EDWARD E. BAKER,

                                                                Plaintiff-Appellant,


versus


LEE SANFORD,
H.S.A.,
K. BARNES,
H.S.A.,
DR. BRODSKY,
Chief Health Officer,
MR. REID,
Superintendent of Martin
Correctional Institution,
DR. DAVIS,
Chief Health Officer, et al.,

                                                                Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 4, 2012)

Before DUBINA, Chief Judge, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Appellant Edward E. Baker, incarcerated and proceeding *pro se*, appeals the

district court's *sua sponte* dismissal of his civil rights complaint for failure to state

a claim upon which relief could be granted. Specifically, Baker argues that his

claims of inadequate medical treatment at the prison, dating back to 2003, were

not barred by Florida's four-year statute of limitations because the prison's

tortious misconduct was ongoing until 2011.

We review *de novo* a district court's *sua sponte* dismissal of a prisoner's

complaint for failure to state a claim, pursuant to § 1915(e)(2)(B)(ii) of the Prison

Litigation Reform Act ("PLRA"), relying on the same standard that governs

dismissals under Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517

F.3d 1249, 1252 (11th Cir. 2008). Under this standard, we view the complaint in

the light most favorable to the plaintiff and accept the well-pleaded facts presented

therein as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th

Cir. 2007). Further, we liberally construe a *pro se* complaint. *Alba*, 517 F.3d at 1252. Finally, we may affirm a decision of the district court on any ground supported by the record. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001).

The complaint need not set forth detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). The plaintiff must allege sufficient facts to render the claim "plausible on its face." *Id.* at 570, 127 S.Ct. at 1974. A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is facially apparent that the claim is time-barred. *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005). In this respect, the court considers the attached exhibits as part of the complaint. Fed.R.Civ.P. 10(c); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007).

Inadequate medical treatment of a prisoner violates the Eighth Amendment only when it amounts to deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-06, 97 S. Ct. 285, 291-92, 50 L. Ed. 2d 251 (1976). Generally, the prison's medical judgment on how to best diagnose or treat a prisoner, even if negligent or in error, does not satisfy this standard. *Id.* at 105-

06, 97 S. Ct. at 291-92. However, knowledge of the need for medical care and an intentional refusal to provide that care constitutes deliberate indifference, as does treatment that is so cursory or delayed as to amount to unnecessary and wanton infliction of pain. *Adams v. Poag*, 61 F.3d 1537, 1543-44 (11th Cir. 1995).

With respect to such complaints, the PLRA incorporates state law regarding personal injury torts to establish the length of the statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 1094,166 L. Ed. 2d 973 (2007). Florida law provides for a residual four-year statute of limitations. Fla. Stat. § 95.11(3)(p) (2011). However, federal law controls when the underlying cause of action accrued, triggering this limitations period to begin. *Wallace*, 549 U.S. at 388, 127 S. Ct. at 1095.

Generally, accrual occurs when the prisoner knows or should know that he has suffered the injury that forms the basis of his complaint and can identify the person who inflicted the injury. *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003). However, an "allegation of a failure to provide needed and requested medical attention constitutes a continuing tort, which does not accrue until the date medical attention is provided." *Lavellee v. Listi*, 611 F.2d 1129, 1132 (5th Cir. 1980). The critical distinction in the continuing violation analysis is whether the prisoner complains "of the present consequence of a one time violation, which

4

does not extend the limitations period, or the continuation of that violation into the present, which does." *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) (internal quotation marks omitted).

Here, we conclude from the record that the district court erred in dismissing Baker's complaint for failure to state a claim upon which relief could be granted because his claims were not barred by the four-year statute of limitations. Baker's amended complaint alleged that although he specifically requested medical treatment for his ongoing fungal infection multiple times in 2007 and 2010, prison medical staff refused his requests. Further, he incorporated various grievance forms documenting these unsuccessful requests for treatment. Therefore, Baker properly alleged that the prison officials' prolonged failure to provide adequate medical treatment despite his repeated grievances constituted a continuous injury during the statute of limitations period.

Accordingly, we reverse the district court's judgment of dismissal and remand this case for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**