

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00551-CV

**THE CITY OF CASTLE HILLS**,
Appellant

v.

Jenifer-Ashley Andrea **ROBINSON**,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-22569
Honorable Angelica Jimenez, Judge Presiding

**OPINION ON MOTION FOR REHEARING**

Opinion by:    Liza A. Rodriguez, Justice

Sitting:    Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice
Sandee Bryan Marion, Chief Justice (Ret.)[1]

Delivered and Filed: June 26, 2024

AFFIRMED

In this interlocutory appeal, the City of Castle Hills challenges the trial court's denial of its plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (authorizing an interlocutory appeal from an order that grants or denies a plea to the jurisdiction by a governmental unit). On February 28, 2024, we issued an opinion and judgment affirming the trial court's order. The City then filed a motion for rehearing. We deny the City's motion. However, we withdraw

---

[1]Sitting by assignment pursuant to section 74.003(b) of the Texas Government Code

our February 28, 2024 opinion and judgment and substitute this opinion and judgment in their place. We affirm.

## BACKGROUND

The appellee, Jenifer-Ashley Andrea Robinson, owns real property ("the property") located in the City of Castle Hills. Robinson acquired an ownership interest in the property in 2008, when its previous owner, Robinson's grandmother, executed a warranty deed conveying the property to Robinson.[2]

The City has a long history of abating nuisances on the property. Periodically, the City determined that the condition of the property violated city ordinances. According to the City, it mailed notices of violations to the property's owner or her representative asking that the violations be corrected. When the violations were not corrected, the City had its work crews perform maintenance on the property, which included taking away trash and debris, removing tree limbs, and cutting high weeds. *See* TEX. HEALTH & SAFETY CODE § 342.006 ("Work or Improvements by Municipality; Notice"). The City attempted to recover its maintenance costs from the property's owner; however, when these efforts failed, the City filed municipal health and safety liens on the property. *See id*. § 342.007 ("Assessment of Expenses; Lien"). In 2008, 2010, 2012, and 2014, the City recorded maintenance liens on the property. In 2017, the City recorded "corrected" maintenance liens for three of the four original maintenance liens.

Although the appellate record does not show when the suit was filed, the City and other taxing authorities sued to recover delinquent taxes on the property. On May 22, 2014, the City and the other taxing authorities filed a second amended petition in the tax suit. On April 17, 2017,

---

[2]The warranty deed conveyed the property to both Robinson and another family member, who executed a deed disclaiming her interest in the property. The warranty deed also reserved a life estate for Robinson's grandmother, who died in 2009.

Robinson filed an answer in the tax suit. On May 17, 2017, Robinson filed a pleading titled, "Counter-Claim to City of Castle Hills Second Amended Petition." In the counterclaim pleadings, Robinson alleged the City had failed to notify her and the previous owners of the property of the code violations and the maintenance liens. Robinson further alleged that her constitutional rights were violated by the City's failure to provide proper notice of the code violations and the liens.

On November 17, 2017, the City filed another suit involving the property—a civil abatement suit. In this suit, the City sought to enforce its municipal ordinances with respect to the property. On February 1, 2019, the trial court signed an agreed order consolidating the tax suit and the civil abatement suit.

On February 8, 2022, the City filed a motion for traditional summary judgment, arguing the trial court lacked subject-matter jurisdiction over Robinson's counterclaims and the relief she requested in her pleadings. The City's summary judgment motion also presented non-jurisdictional grounds for denying Robinson's counterclaims. On July 22, 2022, Robinson filed a response to the summary judgment motion.

After holding a hearing, the trial court denied the City's summary judgment motion. The City appealed.

### APPELLATE JURISDICTION

We first address our jurisdiction over this interlocutory appeal.[3] A party may appeal an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit." TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8). In section 51.014(a)(8), a plea to the jurisdiction does not refer to a particular procedural vehicle, but rather to the substance of the issue raised. *City of*

---

[3]Robinson filed a motion to dismiss this appeal, arguing this appeal is not an authorized interlocutory appeal under section 51.014 of the Texas Civil Practice & Remedies Code. Because we conclude the trial court's order denying the City's motion for summary judgment is, at least in part, an order denying a plea to the jurisdiction, we deny Robinson's motion to dismiss this appeal as moot. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

*Magnolia 4A Economic Dev. Corp. v. Smedley*, 533 S.W.3d 297, 299 (Tex. 2017). Thus, a plea to the jurisdiction may be raised by way of a summary judgment motion. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) ("If the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise, the Legislature has provided that an interlocutory appeal may be brought.").

In an interlocutory appeal under section 51.014(a)(8), an appellate court does not have jurisdiction to consider summary judgment grounds other than those concerning the jurisdictional plea. *Jubilee Academic Ctr., Inc. v. School Model Support, LLC*, No. 04-21-00237-CV, 2022 WL 1479039, at *12 (Tex. App.—San Antonio May 11, 2022, no pet.) (holding the trial court's decision on subject-matter jurisdiction was subject to interlocutory appeal but its non-jurisdictional decision was not). Therefore, to the extent the City's summary judgment motion argued that the trial court lacked subject-matter jurisdiction, it was a plea to the jurisdiction, and we have jurisdiction over the City's jurisdictional complaints in this appeal. *See Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006) (holding appellate courts have jurisdiction under section 51.014(a)(8) to entertain interlocutory appeals from summary judgment rulings involving challenges to the trial court's subject-matter jurisdiction). But we have no appellate jurisdiction over the City's complaints related to the non-jurisdictional summary judgment grounds presented in its summary judgment motion. *See Jubilee Academic Ctr.*, 2022 WL 1479039, at *12 (holding trial court's refusal to reform a services agreement was not an appealable issue in an interlocutory appeal under section 51.104(a)(8)). Thus, we consider only the City's complaints regarding the trial court's lack of subject-matter jurisdiction. To the extent Robinson's brief raises non-jurisdictional complaints, we conclude they are beyond the scope of this interlocutory appeal, and we dismiss them for lack

of jurisdiction.[4] *See id*. (dismissing a non-jurisdictional issue for lack of jurisdiction in an appeal under section 51.014(a)(8)).

JURISDICTIONAL COMPLAINTS ON APPEAL

The City's brief does not clearly set forth its contentions and organize them in accordance with its stated issues. At times, it fails to distinguish between jurisdictional and non-jurisdictional arguments. And, as will be discussed in greater detail below, at a critical juncture, the City's brief fails to provide appropriate citations to the record. *See* TEX. R. APP. P. 38.1(i) (stating that the appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

We construe the City's brief as raising five complaints concerning the trial court's lack of subject-matter jurisdiction: (1) the trial court erred in denying its plea to the jurisdiction as to Robinson's fraudulent lien claims because the City enjoys governmental immunity from such claims; (2) the trial court erred in denying its plea to the jurisdiction as to Robinson's fraudulent lien claims because Robinson failed to exhaust her administrative remedies; (3) the trial court erred in denying its plea to the jurisdiction because the City is immune from any request for injunctive relief; (4) the trial court erred in denying its plea to the jurisdiction as to Robinson's section 1983 claims because the City's evidence negated them; and (5) the trial court erred in denying its plea to the jurisdiction because compliance with the statute of limitations is a jurisdictional prerequisite to suing a governmental entity and Robinson filed her counterclaims after the applicable statute of limitations had expired.

---

[4]The non-jurisdictional issues the City presents on appeal are: (1) whether the filing of liens under section 342.001 of the Texas Health and Safety Code violated Robinson's constitutional rights to due process and equal protection; (2) whether a constitutional taking can occur for the abatement of a nuisance; (3) whether constitutional violations can occur for mere negligent actions; (4) whether the actions of a municipal court judge of a court of record is attributable to the City; and (5) whether punitive and other money damages are allowed against the City.

## STANDARD OF REVIEW

We review de novo the trial court's ruling on a plea to the jurisdiction. *Tex. Dep't. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction challenges a trial court's subject-matter jurisdiction, which is essential to its power to decide a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000). A plea to the jurisdiction is based solely on jurisdictional complaints and does not reach the merits of the case. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). Courts evaluate subject-matter jurisdiction on a claim-by-claim basis. *Long*, 207 S.W.3d at 338-39.

A summary judgment motion containing a plea to the jurisdiction may challenge either the plaintiff's pleadings or the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 226-27. When the jurisdictional plea challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause, construing the pleadings liberally in favor of the plaintiff and looking to the pleader's intent. *Id*. at 226. When the jurisdictional plea challenges the existence of jurisdictional facts, we consider the relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *Id*. at 227. We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Id*. at 228. If the evidence creates a fact question regarding the jurisdictional issue, the trial court cannot grant the plea to the jurisdiction and must submit the issue to the fact finder. *Id*. at 227–28. Conversely, if the evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court should rule on the plea to the jurisdiction as a matter of law. *Id*. at 228.

## FRAUDULENT LIEN CLAIMS

In its seventh issue, the City argues the trial court erred in denying its plea to the jurisdiction because Robinson's failure to exhaust administrative remedies deprived the trial court of subject-

matter jurisdiction. In some situations, the failure to exhaust administrative remedies deprives a trial court of subject-matter jurisdiction. *See Garcia v. City of Willis*, 593 S.W.3d 201, 211-12 (Tex. 2019) (declining to decide if appellant was "generally required to exhaust his administrative remedies" before filing suit to challenge a city ordinance creating a photographic traffic-signal enforcement system); *Coogan v. Office of the Attorney General*, No. 01-20-00082-CV, 2021 WL 1799825, at *2 (Tex. App.—Houston [1st Dist.] May 6, 2021, no pet.) (stating that a plaintiff may sue a state agency employer if she exhausts her administrative remedies before suing).

In its eleventh issue, the City argues that the trial court erred in denying its plea to the jurisdiction because it enjoys governmental immunity from Robinson's fraudulent lien claims and Robinson's pleadings did not allege a waiver of governmental immunity as to these claims. *See* TEX. GOV'T CODE § 51.903 ("Action on Fraudulent Lien on Property"). "Sovereign immunity protects the State from lawsuits for money damages." *Reata Const. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). "Political subdivisions of the state, including cities, are entitled to such immunity—referred to as governmental immunity—unless it has been waived." *Id*. Governmental immunity from suit deprives a trial court of subject-matter jurisdiction. *See id*.

After reviewing Robinson's counterclaim pleadings, we conclude that they do not contain a fraudulent lien claim. *See* TEX. GOV'T CODE § 51.903. Additionally, in her appellate brief, Robinson states that she did not allege a fraudulent lien claim in her pleadings, and the City does not dispute Robinson's statement in its reply brief. Accordingly, we accept the statement as true. *See Jansen v. Fitzpatrick*, 14 S.W.3d 426, 431 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (recognizing that appellate courts have the discretion to accept statements made in a party's brief as true).

Because Robinson did not allege a fraudulent lien claim in her pleadings, we cannot address the City's arguments regarding governmental immunity and exhaustion of administrative remedies.

## INJUNCTIVE RELIEF

In its tenth issue, the City argues the trial court erred in denying its plea to the jurisdiction because it is immune from Robinson's request for injunctive relief. In its summary judgment motion, the City argued:

> In this case, [Robinson] does not seek the invalidation of any ordinance. [Robinson] seeks equitable relief through an injunction, with no underlying claims. As a result, no waiver of immunity exists; thus, the City is entitled to have the equitable claims dismissed.

In both its summary judgment motion and its appellate brief, the City relies on *Becky, Ltd. v. City of Cedar Park*, No. 03-15-00259-CV, 2017 WL 2224527, at *6-7 (Tex. App.—Austin May 19, 2017, no pet.), to support its argument that it is immune from Robinson's request for injunctive relief. In *Becky*, the issue was whether the plaintiff's Uniform Declaratory Judgments Act ("UDJA") claims against the city were barred by governmental immunity. *Id*. The Austin court of appeals explained that the UDJA waives immunity when a plaintiff's claim challenges the validity of a statute or ordinance but not when a plaintiff's claim seeks a declaration of rights under a statute or ordinance. *Id*. at *6 (citing *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 622 (Tex. 2011)). In *Becky*, the appellate court concluded that because the plaintiff's claims sought only an interpretation of the city's ordinances and did not challenge their validity, the city's immunity was not waived under the UDJA, and the trial court did not err in granting the plea to the jurisdiction as to the plaintiff's UDJA claims. *Id*. at *7.

Here, Robinson did not bring any UDJA claims. Thus, *Becky* is wholly inapplicable to this case. We conclude the trial court did not err in denying the City's plea to the jurisdiction based on the City's argument that is immune from Robinson's request for injunctive relief.[5]

### SECTION 1983 CLAIMS—NEGATING POLICY OR CUSTOM

In its ninth issue, the City argues the trial court erred in denying its plea to the jurisdiction because it presented undisputed evidence negating the existence of the trial court's subject-matter jurisdiction as to Robinson's federal section 1983 claims.

"Section 1983 does not grant substantive rights but, rather, provides a vehicle for a plaintiff to vindicate rights protected by the [federal] Constitution and other federal laws." *Sewell v. City of Odessa*, No. 11-19-00121-CV, 2021 WL 1706913, at *6 (Tex. App.—Eastland Apr. 30, 2021, no pet.) (citing *Albright v. Oliver*, 510 U.S. 266, 271 (1994)). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. "Municipalities are 'persons' within the meaning of section 1983." *Sewell*, 2021 WL 1706913, at *6 (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Therefore, municipalities do not have immunity from section 1983 claims. *Id*. (citing *Howlett v. Rose*, 496 U.S. 356, 375 (1990)).

The United States Supreme Court has held that local governments, such as the City, "may be the targets of a section 1983 action where official policy or governmental custom is responsible for a deprivation of rights protected by the Constitution." *Bennett v. City of Slidell*, 728 F.2d 762, 766 (5th Cir. 1984) (citing *Monell*, 436 U.S. at 694). Thus, "to establish municipal liability under

---

[5]Furthermore, as Robinson points out in her brief, "the City argues about injunctive relief under state law, ignoring that federal § 1983 claims can support injunctive relief, such as removal of the assessments and liens filed in violation of [Robinson's] federal due-process rights."

[s]ection 1983, a plaintiff must show that the municipality acted pursuant to an official policy or custom and that this action caused a violation of a particular constitutional right." *City of New Braunfels v. Carowest Land, Ltd.*, 432 S.W.3d 501, 518 n.48 (Tex. App.—Austin 2014, no pet.) (citing *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010)).

In this issue, the City argues that the trial court erred in denying its plea to the jurisdiction because its undisputed evidence negated that a City policy or custom was responsible for depriving Robinson of her federal constitutional rights. Specifically, the City argues that Robinson's section 1983 claims "cannot be established as a matter of law" because "[n]o policy, custom, or practice of the City deprived her of any constitutional right." According to the City, its "competent summary judgment evidence negate[d] [Robinson's] ability to establish" any section 1983 claims "as [the] City followed state law procedures for notices of nuisances." However, the City does not support its argument with record citations directing us to the evidence that purportedly negates the trial court's subject-matter jurisdiction over Robinson's section 1983 claims.

The City's summary judgment evidence consists of hundreds of pages of documents. "As an appellate court, it is not our duty to perform an independent review of the summary judgment record for evidence supporting an appellant's position." *Rangel v. Tex. Workforce Comm'n*, No. 04-17-00081-CV, 2017 WL 4413432, at *2 (Tex. App.—San Antonio Oct. 4, 2017, no pet.). "Rather, the duty rests with the appellant to cite to the record to support [its] argument." *Id*. Rule 38.1(i) of the Texas Rules of Appellate Procedure requires an appellant's brief to contain "appropriate citations … to the record." *See* TEX. R. APP. P. 38.1(i). "Failure to satisfy the briefing requirements of Rule 38.1(i) waives the issue on appeal." *Rangel*, 2017 WL 4413432, at *2.

Because the City did not support its argument with appropriate citations to the record as required, we conclude that it has waived its ninth issue. *See* TEX. R. APP. P. 38.1(i).

## LIMITATIONS AS A JURISDICTIONAL REQUIREMENT

In its second issue, the City argues that the trial court erred in denying its plea to the jurisdiction because Robinson's counterclaims were filed after the applicable statute of limitations had expired.

Limitations is generally considered an affirmative defense and is not jurisdictional in nature. *Cato v. Tex. Dep't of Criminal Justice*, No. 01-21-00099-CV, 2022 WL 3452326, at *2 (Tex. App.—Houston [1st Dist.] Aug. 18, 2022, no pet.) (citing *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010)). However, the Texas "Legislature has mandated that all statutory prerequisites to suit are jurisdictional in suits against governmental entities." *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 510 (Tex. 2012) (citing TEX. GOV'T CODE § 311.034). In *Chatha*, the plaintiff sued a governmental entity for employment discrimination pursuant to state law. *Id.* at 503-04. The Texas Supreme Court held the suit was jurisdictionally barred because the plaintiff had failed to satisfy a statutory prerequisite to suit, namely, timely filing an administrative complaint with the Texas Workforce Commission in accordance with section 21.202 of the Texas Labor Code. *Id.* at 510, 514.

*Chatha*'s holding was based on section 311.034 of the Texas Government Code, which states in pertinent part: "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." TEX. GOV'T CODE § 311.034. We have applied section 311.034 to both federal and state claims. *See United Indep. Sch. Dist. v. Mayers*, 665 S.W.3d 775, 782, 785-86 (Tex. App.—San Antonio 2023, no pet.) (holding trial court lacked jurisdiction over Title VII national origin discrimination and Age Discrimination in Employment Act claims when plaintiff failed to exhaust administrative remedies as required); *Valero Dev. Corp. v. City of Laredo*, No. 04-21-00226-CV, 2022 WL 17332601, at *3-4 (Tex. App.—San Antonio Nov. 30, 2022, pet. denied) (holding trial court had no jurisdiction

over plaintiff's claims against city for breach of contract, promissory estoppel, and declaratory judgment when the plaintiff's suit was filed after the limitations period expired).

In the present case, we do not discern any state claims in Robinson's counterclaim pleadings. Consistent with our interpretation of her pleadings, Robinson indicates in her brief that her only claims are federal claims under section 1983. Additionally, the City states in its opening brief that Robinson "must be bringing claims under § 1983 for federal constitutional violations." We conclude that the only claims contained in Robinson's pleadings are section 1983 claims, which are federal claims.

Robinson's section 1983 claims assert that the City violated her procedural due process rights by imposing assessments and liens on her property for code violations without providing her notice and an opportunity to be heard.[6] Because there is no federal statute of limitations for section 1983 claims, the relevant state limitation period applies. *See Herman v. City of Dallas*, 05-05-00875-CV, 2006 WL 933350, at *3 (Tex. App.—Dallas Apr. 12, 2006, no pet.). In Texas, the applicable limitations period for a section 1983 claim is two years. *Prado v. City of Fredericksburg Police Dep't.*, 04-10-00565-CV, 2011 WL 1158368, at *2 (Tex. App.—San Antonio March 30, 2011, pet. denied); *Herman*, 2006 WL 933350, at *3. Although the Texas limitations period applies, the accrual of a section 1983 claim is controlled by federal law. *Prado*, 2011 WL 1158368, at *2; *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015) ("[T]he particular accrual date of a federal cause of action is a matter of federal law."). "Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis

---

[6]On appeal, Robinson argues that she also asserted a section 1983 claim based on the City's failure to consider her permit applications. In its reply brief, the City disputes that Robinson's section 1983 claims include a claim based on the City's refusal to consider her permit applications. Nothing in the City's summary judgment motion addressed this type of section 1983 claim, and we express no opinion about whether Robinson's counterclaim pleadings contain this type of section 1983 claim.

of the action." *Prado*, 2011 WL 1158368, at *2 (citing *Lavellee v. Listi*, 611 F.2d 1129, 1130 (5th Cir. 1980)). "The limitations period for a section 1983 action therefore begins to run when the plaintiff is in possession of the critical facts that [s]he has been hurt and who has inflicted the injury." *Id*. (internal quotation marks omitted).

When applying a state's statute of limitations to federal claims, courts give effect to any applicable state tolling provisions. *King-White*, 803 F.3d at 764; *see Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478, 484 (1980) (explaining that state statutes of limitations and "coordinate tolling rules" apply to section 1983 actions). In Texas, the discovery rule defers accrual of a cause of action until the plaintiff knew or, exercising reasonable diligence, should have known of the facts giving rise to the cause of action. *Berry v. Berry*, 646 S.W.3d 516, 524 (Tex. 2022). The Texas Supreme Court has "recognized that the constructive notice conveyed by deed records does not always bar application of the discovery rule." *Id.* at 525 (citing *Archer v. Tregellas*, 566 S.W.3d 281, 290-92 (Tex. 2019)).

Robinson filed her counterclaim pleadings on May 17, 2017. In its summary judgment motion, the City argued that Robinson's counterclaims were barred by the two-year statute of limitations. The City's motion stated that Robinson's counterclaims "center[ed] on the filing of liens and enforcement of the City's ordinances" and because Robinson "did not file her counterclaims until three years after the last lien" was filed on the property, her constitutional claims were barred. According to the City, it filed the last lien on February 4, 2014. The City attached evidence to its summary judgment motion, which included copies of some of its code violation notices, assessment notices, and some of the liens it had filed in the county records.

Robinson filed a response to the City's summary judgment motion, arguing that her counterclaims were not barred by the two-year statute of limitations. Robinson asserted that the discovery rule operated to defer the accrual of her counterclaims. According to Robinson, she did

not have notice of the alleged code violations and liens until March 22, 2017, when she was served with the City's second amended petition. Robinson filed her counterclaims less than two months later, on May 17, 2017. Additionally, Robinson pointed out that the last liens filed were the October 9, 2017 "correction" liens, which were filed after her counterclaim pleadings.

Under the applicable standard of review, we must take as true all evidence favorable to Robinson and indulge every reasonable inference and resolve any doubts in her favor. *See Miranda*, 133 S.W.3d at 228. Here, the evidence did not establish when Robinson became aware, or should have become aware, of the facts supporting her claims. To support its limitations argument, the City presented copies of its notices of code violations related to the property between 2009 to 2016. However, most of these code violation notices were directed to Robinson's grandmother or her mother and were mailed to her mother's address. In June 2012, Robinson advised the City in writing that she was the owner of the property, and she gave the City her current address. The City did not dispute that it received this information from Robinson. Nevertheless, the City continued to send all code violation notices to Robinson's mother's address.[7] Thus, the evidence failed to establish that Robinson received the City's code violation notices.

Additionally, to support its limitations argument, the City presented the liens which were filed in the county records on August 28, 2008, August 2, 2010, March 23, 2012, and February 4, 2014. However, three of these liens support an inference that the City did not provide Robinson with notice of the corresponding code violations. These three liens did not identify Robinson as the property's owner; instead, they identified Robinson's grandparents or her mother as the property's owners and recited that the City had given them "due notice" before abating nuisances

---

[7]In its brief on appeal, the City indicates that Robinson knew or had reason to know of her injuries because "the notices of violation and liens were mailed to her attorney." The City refers to Robinson's mother, who was an attorney. However, there was no evidence that Robinson had authorized her mother to accept the notices of violations and liens on her behalf.

on the property. Additionally, Robinson presented evidence that, on October 17, 2017, which was after Robinson had filed her counterclaims, the City filed three correction liens in the county records, each of which identified Robinson as the property's owner and stated that its purpose was "to correctly identify the owners of the affected property in order to ratify the City's [prior] lien for nuisance abatement."

Taking as true all evidence favorable to Robinson and indulging every reasonable inference and resolving any doubts in her favor, the evidence failed to establish when Robinson's claims accrued. The evidence simply did not establish when Robinson knew or had reason to know of the injuries which are the bases of her claims. *See Prado*, 2011 WL 1158368, at *2 (stating that the limitations period for a section 1983 action "begins to run when the plaintiff is in possession of the critical facts that [s]he has been hurt and who has inflicted the injury."). Additionally, Robinson raised the discovery rule, and the City did not negate its application. *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 n.2 (Tex. 1988) ("[O]n motion for summary judgment, the burden is on the defendant to negate the discovery rule by proving as a matter of law that no issue of material fact exists concerning when the plaintiff discovered or should have discovered" her injury). On this record, the trial court did not err in denying the City's jurisdictional plea based on limitations.

## CONCLUSION

The trial court's order denying the City's plea to the jurisdiction is affirmed.

Liza A. Rodriguez, Justice